2016R00517/NPG/SD/ms

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Jose L. Linares, U.S.D.J. |
| v. | : | Crim. No. 15-631 (JLL) |
| SAMUEL DELPRESTO | : | CONSENT JUDGMENT AND ORDER OF FORFEITURE |
| Defendant. | : | (MONEY JUDGMENT) AND PRELIMINARY ORDER OF |
| | : | FORFEITURE AS TO SPECIFIC PROPERTY (FINAL AS |
| | : | TO THE DEFENDANT) |

WHEREAS, on or about December 15, 2016, defendant Samuel Delpresto pleaded guilty pursuant to a plea agreement with the United States to a one-count Information, which charged him with conspiracy to commit security fraud, contrary to 15 U.S.C. §§ 78j(b) and 78ff, in violation of 18 U.S.C. § 371;

WHEREAS, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), a person convicted of a securities fraud offense as charged in the Information shall forfeit to the United States all property constituting or derived, directly or indirectly, from proceeds the defendant obtained that are traceable to the commission of such offense;

WHEREAS, in the plea agreement, defendant Samuel Delpresto agreed to forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), a sum of money equal to $13,000,000, representing the proceeds the defendant obtained that are traceable to the offense charged in the Information

(the "Money Judgment"); and (ii) all of the defendant's right, title and interest in the below bank accounts which were seized on or about January 13, 2014 (the "Specific Assets"):

    a. Any and all funds contained in Bank of America account number 381005370043 held in the name of MLF GROUP, LLC;

    b. Any and all funds contained in Merrill Lynch WCMA account number 88A-04169 held in the name of MLF HOLDINGS, LLC;

    c. Any and all funds contained in Merrill Lynch WCMA Account number 88A-04170 held in the name of FLM HOLDINGS, LLC;

    d. Any and all funds contained in Bank of America account number 003815678899 held in the names of SAMUEL DELPRESTO AND MICHELLE DELPRESTO;

    e. Any and all funds contained in Merrill Lynch 529 College Account number 88A-86536 held in the name of FRANCESCA DELPRESTO;

    f. A sum of funds not to exceed $136,823 from Merrill Lynch 529 College Account number 88A-86385 held in the name of LILY DELPRESTO;

    g. A sum of funds not to exceed $165,001 from Merrill Lynch 529 College Account number 88A-86384 held in the name of MARINA DELPRESTO; and

(the "Specific Property"), which the defendant admits has the requisite nexus to the offense to which the defendant has agreed to plead guilty, with any forfeited money and the net proceeds derived from the sale of the forfeited Specific Property to be applied to the Money Judgment, in partial satisfaction thereof;

    WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment;

WHEREAS, the provisions of 21 U.S.C. § 853(n) require publication and notice to third parties known to have alleged an interest in forfeited specific property and the disposition of any petitions filed under 21 U.S.C. § 853(n) before the United States may have clear title to such property;

WHEREAS, defendant Samuel Delpresto:

(1) Consents to the forfeiture to the United States of $13,000,000, representing property constituting or derived, directly or indirectly, from proceeds the defendant obtained that are traceable to the commission of the offense, to which the defendant has pleaded guilty, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) (the "Money Judgment");

(2) Agrees to forfeit to the United States all of his right, title and interest in the Specific Property, which the defendant admits has the requisite nexus to the conspiracy to commit securities fraud offense to which the defendant has agreed to plead guilty, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c);

(3) Agrees to consent promptly upon request to the entry of any orders deemed necessary by the government or the Court to complete the forfeiture and disposition of property forfeited to satisfy the Money Judgment;

(4) Waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, announcement of the forfeiture in the defendant's presence at sentencing, and incorporation of the forfeiture in the Judgment of Conviction;

(5) Acknowledges that he understands that forfeiture of property will be part of the sentence imposed upon him in this case and waives any failure by the Court to advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), during the plea hearing; and

(6) Waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

WHEREAS, good and sufficient cause has been shown, it is hereby ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

### *Money Judgment*

1. As a result of the offense charged in the Information, to which the defendant Samuel Delpresto has pleaded guilty, and the Court having accepted the stipulated amount of the forfeiture in the plea agreement, the defendant shall forfeit to the United States the sum of $13,000,000, representing property constituting or derived, directly or indirectly, from proceeds the defendant obtained that are traceable to the commission of such offense (the "Money Judgment"), pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)and Federal Rule of Criminal Procedure 32.2(b).

2. All payments on the Money Judgment shall be made by postal money order, bank or certified check, made payable, in this instance to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money

Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102, and shall indicate the defendant's name and case number on the face of the check.

**_Specific Property_**

3.  As a further result of the defendant's conviction of the conspiracy to commit securities fraud offense charged in the Information, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and Fed. R. Crim. P. 32.2(b)(1) and (b)(2), and based upon the plea agreement, all of the defendant's right, title and interest in the Specific Property is hereby forfeited to the United States of America for disposition according to law, subject to the provisions of 21 U.S.C. § 853.

4.  Any forfeited money and the net proceeds derived from the sale of forfeited property will be applied to the Money Judgment until the Money Judgment is satisfied in full.

5.  Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order of Forfeiture shall be final against defendant Samuel Delpresto, shall be made part of the sentence of defendant Samuel Delpresto, and shall be included in the judgment of conviction therewith.

6.  Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Marshals Service, its agent or designee shall maintain or take possession of the Specific Property and hold such property in its secure custody and control.

7.  Pursuant to 21 U.S.C. § 853(n)(1) and Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, the United States shall publish notice of

this Order for at least 30 consecutive days on the government internet site www.forfeiture.gov. The United States shall also send notice of this Order to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

8. Pursuant to Fed R. Crim. P. 32.2(b)(6) and 21 U.S.C. § 853(n)(2) and (n)(3), the notice of forfeiture must describe the forfeited property with reasonable particularity, state the times by which a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition. The notice shall also state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought.

9. Any person, other than the defendant, claiming interest in the Specific Property must file a petition within 60 days from the first day of publication of notice on the government internet site, or no later than 35 days from the mailing of direct notice, whichever is earlier, pursuant to Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure and Rule G(4) and G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

10. Upon adjudication of all third party interests, the Court will enter a final order of forfeiture pursuant to 21 U.S.C. § 853(n)(7) and Fed. R. Crim. P. 32.2(c)(2), in which all interests will be addressed. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(3) and any other applicable provision of federal or state law, upon entry of this Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of property to satisfy the Money Judgment or in connection with any petitions filed with regard to the Specific Property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

11. The Clerk of the Court is directed to enter a money judgment against the defendant in favor of the United States in the amount of $13,000,000.

12. This Court shall retain jurisdiction to enforce this Order and to amend it as necessary.

ORDERED this 25th day of March, 2019.

_____
Hon. Jose L. Linares
United States District Judge

The undersigned hereby consent to
the entry and form of this Order:

CRAIG CARPENTIO
United States Attorney

_____          Dated:
By: NICHOLAS P. GRIPPO
Assistant United States Attorney

_____     Dated: 3-25-19
JOHN D. ARSENAULT, ESQ.
Attorney for Defendant

_____     Dated: 3/25/19
SAMUEL DELPRESTO,
Defendant