# UNITED STATES DISTRICT COURT
## District of New Jersey

UNITED STATES OF AMERICA

v.

SAMUEL DELPRESTO

Defendant.

**CASE NUMBER   2:15-CR-00631-JLL-1**

## JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

The defendant, SAMUEL DELPRESTO, was represented by JOHN DANIEL ARSENEAULT.

The defendant pleaded guilty to count(s) 1 of the INFORMATION on 12/15/2015.   Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date of Offense | Count Number(s) |
|---|---|---|---|
| 18:371 | Conspiracy to defraud the United States | 2008-2010 | 1 |

As pronounced on March 25, 2019, the defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant must pay to the United States a special assessment of $100.00 for count(s) 1, which shall be due immediately.  Said special assessment shall be made payable to the Clerk, U.S. District Court.

It is further ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of any material change in economic circumstances.

Signed this  25  day of March, 2019.

Jose L. Linares
Chief U.S. District Judge

07733

Defendant: SAMUEL DELPRESTO
Case Number: 2:15-CR-00631-JLL-1

# PROBATION

You are hereby sentenced to probation for a term of 3 years..

While on probation, you must not commit another federal, state, or local crime, must refrain from any unlawful use of a controlled substance and must comply with the standard conditions that have been adopted by this court as set forth below.

You must submit to one drug test within 15 days of commencement of probation and at least two tests thereafter as determined by the probation officer.

You must cooperate in the collection of DNA as directed by the probation officer.

If this judgment imposed restitution, you must make restitution in accordance with 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A, and 3664. You must pay the assessment imposed in accordance with 18 U.S.C. §3013. If this judgment imposed a fine, you must pay in accordance with the Schedule of Payment sheet of this judgment. You must notify the court of any material change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments.

You must comply with the following special conditions:

### LOCATION MONITORING PROGRAM

You must submit to home detention for a period of 12 months and comply with the Location Monitoring Program requirements as directed by the U.S. Probation Office. You will be restricted to your residence at all times except for employment, education, religious services, medical, substance abuse and mental health treatment, court-ordered obligations, and any other such times specifically authorized by the U.S. Probation Office. The location monitoring technology is at the discretion of the U.S. Probation Office. You must pay the cost of the monitoring.

### ALCOHOL/DRUG TESTING AND TREATMENT

You must refrain from the illegal possession and use of drugs, including prescription medication not prescribed in your name, and the use of alcohol, and must submit to urinalysis or other forms of testing to ensure compliance. It is further ordered that you must submit to evaluation and treatment, on an outpatient or inpatient basis, as approved by the U.S. Probation Office. You must abide by the rules of any program and must remain in treatment until satisfactorily discharged by the Court. You must alert all medical professionals of any prior substance abuse history, including any prior history of prescription drug abuse. The U.S. Probation Office will supervise your compliance with this condition.

### FINANCIAL DISCLOSURE

Upon request, you must provide the U.S. Probation Office with full disclosure of your financial records, including co-mingled income, expenses, assets and liabilities, to include yearly income tax returns. With the exception of the financial accounts reported and noted within the presentence report, you are prohibited from maintaining and/or opening any additional individual and/or joint checking, savings, or other financial accounts, for either personal or business purposes, without the knowledge and approval of the U.S. Probation Office. You must cooperate with the U.S. Probation Officer in the investigation of your financial dealings and must provide truthful monthly statements of your income. You must cooperate in the signing of any authorization to release information forms permitting the U.S. Probation Office access to your financial records.

### MENTAL HEALTH TREATMENT

You must undergo treatment in a mental health program approved by the U.S. Probation Office until discharged by the Court. As necessary, said treatment may also encompass treatment for gambling, domestic violence and/or

Judgment - Page 3 of 7

Defendant: SAMUEL DELPRESTO
Case Number: 2:15-CR-00631-JLL-1

anger management, as approved by the U.S. Probation Office, until discharged by the Court. The U.S. Probation Office will supervise your compliance with this condition.

## NEW DEBT RESTRICTIONS

You are prohibited from incurring any new credit charges, opening additional lines of credit, or incurring any new monetary loan, obligation, or debt, by whatever name known, without the approval of the U.S. Probation Office. You must not encumber or liquidate interest in any assets unless it is in direct service of the fine and/or restitution obligation or otherwise has the expressed approval of the Court.

## SELF-EMPLOYMENT/BUSINESS DISCLOSURE

You must cooperate with the U.S. Probation Office in the investigation and approval of any position of self-employment, including any independent, entrepreneurial, or freelance employment or business activity. If approved for self-employment, you must provide the U.S. Probation Office with full disclosure of your self-employment and other business records, including, but not limited to, all of the records identified in the Probation Form 48F (Request for Self Employment Records), or as otherwise requested by the U.S. Probation Office.

## OCCUPATIONAL RESTRICTIONS

As a further special condition of probation, you must refrain from ****must refrain from working in the securities or investment industry in any capacity.

Defendant: SAMUEL DELPRESTO
Case Number: 2:15-CR-00631-JLL-1

Judgment - Page 4 of 7

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1) You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.

2) After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

3) You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.

4) You must answer truthfully the questions asked by your probation officer.

5) You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6) You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

7) You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have fulltime employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8) You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9) If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

10) You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11) You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12) If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

Judgment - Page 5 of 7

Defendant: SAMUEL DELPRESTO
Case Number: 2:15-CR-00631-JLL-1

## STANDARD CONDITIONS OF SUPERVISION

13) You must follow the instructions of the probation officer related to the conditions of supervision.

---

*For Official Use Only - - - U.S. Probation Office*

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision or (2) extend the term of supervision and/or modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions, and have been provided a copy of them.

You shall carry out all rules, in addition to the above, as prescribed by the Chief U.S. Probation Officer, or any of his associate Probation Officers.

(Signed)_____
                     Defendant                            Date

_____
U.S. Probation Officer/Designated Witness         Date

Defendant: SAMUEL DELPRESTO
Case Number: 2:15-CR-00631-JLL-1

## FINE

The defendant shall pay a fine of $100,000.00.

This fine, plus any interest pursuant to 18 U.S.C. § 3612(f)(1), is due immediately and shall be paid in full by 5/24/2019.

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. § 3614.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

Judgment - Page 7 of 7

Defendant: SAMUEL DELPRESTO
Case Number: 2:15-CR-00631-JLL-1

## RESTITUTION AND FORFEITURE

## FORFEITURE

The defendant is ordered to forfeit the following property to the United States:

See attached forfeiture order.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

2016R00517/NPG/SD/ms

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Jose L. Linares, U.S.D.J. |
| v. | : | Crim. No. 15-631 (JLL) |
| SAMUEL DELPRESTO | : | CONSENT JUDGMENT AND ORDER OF FORFEITURE |
| Defendant. | : | (MONEY JUDGMENT) AND PRELIMINARY ORDER OF |
| | : | FORFEITURE AS TO SPECIFIC PROPERTY (FINAL AS |
| | : | TO THE DEFENDANT) |

WHEREAS, on or about December 15, 2016, defendant Samuel Delpresto pleaded guilty pursuant to a plea agreement with the United States to a one-count Information, which charged him with conspiracy to commit security fraud, contrary to 15 U.S.C. §§ 78j(b) and 78ff, in violation of 18 U.S.C. § 371;

WHEREAS, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), a person convicted of a securities fraud offense as charged in the Information shall forfeit to the United States all property constituting or derived, directly or indirectly, from proceeds the defendant obtained that are traceable to the commission of such offense;

WHEREAS, in the plea agreement, defendant Samuel Delpresto agreed to forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), a sum of money equal to $13,000,000, representing the proceeds the defendant obtained that are traceable to the offense charged in the Information

(the "Money Judgment"); and (ii) all of the defendant's right, title and interest in the below bank accounts which were seized on or about January 13, 2014 (the "Specific Assets"):

> a. Any and all funds contained in Bank of America account number 381005370043 held in the name of MLF GROUP, LLC;
>
> b. Any and all funds contained in Merrill Lynch WCMA account number 88A-04169 held in the name of MLF HOLDINGS, LLC;
>
> c. Any and all funds contained in Merrill Lynch WCMA Account number 88A-04170 held in the name of FLM HOLDINGS, LLC;
>
> d. Any and all funds contained in Bank of America account number 003815678899 held in the names of SAMUEL DELPRESTO AND MICHELLE DELPRESTO;
>
> e. Any and all funds contained in Merrill Lynch 529 College Account number 88A-86536 held in the name of FRANCESCA DELPRESTO;
>
> f. A sum of funds not to exceed $136,823 from Merrill Lynch 529 College Account number 88A-86385 held in the name of LILY DELPRESTO;
>
> g. A sum of funds not to exceed $165,001 from Merrill Lynch 529 College Account number 88A-86384 held in the name of MARINA DELPRESTO; and

(the "Specific Property"), which the defendant admits has the requisite nexus to the offense to which the defendant has agreed to plead guilty, with any forfeited money and the net proceeds derived from the sale of the forfeited Specific Property to be applied to the Money Judgment, in partial satisfaction thereof;

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment;

WHEREAS, the provisions of 21 U.S.C. § 853(n) require publication and notice to third parties known to have alleged an interest in forfeited specific property and the disposition of any petitions filed under 21 U.S.C. § 853(n) before the United States may have clear title to such property;

WHEREAS, defendant Samuel Delpresto:

(1)   Consents to the forfeiture to the United States of $13,000,000, representing property constituting or derived, directly or indirectly, from proceeds the defendant obtained that are traceable to the commission of the offense, to which the defendant has pleaded guilty, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) (the "Money Judgment");

(2)   Agrees to forfeit to the United States all of his right, title and interest in the Specific Property, which the defendant admits has the requisite nexus to the conspiracy to commit securities fraud offense to which the defendant has agreed to plead guilty, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c);

(3)   Agrees to consent promptly upon request to the entry of any orders deemed necessary by the government or the Court to complete the forfeiture and disposition of property forfeited to satisfy the Money Judgment;

(4)   Waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, announcement of the forfeiture in the defendant's presence at sentencing, and incorporation of the forfeiture in the Judgment of Conviction;

(5) Acknowledges that he understands that forfeiture of property will be part of the sentence imposed upon him in this case and waives any failure by the Court to advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), during the plea hearing; and

(6) Waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

WHEREAS, good and sufficient cause has been shown, it is hereby ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

### *Money Judgment*

1. As a result of the offense charged in the Information, to which the defendant Samuel Delpresto has pleaded guilty, and the Court having accepted the stipulated amount of the forfeiture in the plea agreement, the defendant shall forfeit to the United States the sum of $13,000,000, representing property constituting or derived, directly or indirectly, from proceeds the defendant obtained that are traceable to the commission of such offense (the "Money Judgment"), pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)and Federal Rule of Criminal Procedure 32.2(b).

2. All payments on the Money Judgment shall be made by postal money order, bank or certified check, made payable, in this instance to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money

Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102, and shall indicate the defendant's name and case number on the face of the check.

### *Specific Property*

3. As a further result of the defendant's conviction of the conspiracy to commit securities fraud offense charged in the Information, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and Fed. R. Crim. P. 32.2(b)(1) and (b)(2), and based upon the plea agreement, all of the defendant's right, title and interest in the Specific Property is hereby forfeited to the United States of America for disposition according to law, subject to the provisions of 21 U.S.C. § 853.

4. Any forfeited money and the net proceeds derived from the sale of forfeited property will be applied to the Money Judgment until the Money Judgment is satisfied in full.

5. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order of Forfeiture shall be final against defendant Samuel Delpresto, shall be made part of the sentence of defendant Samuel Delpresto, and shall be included in the judgment of conviction therewith.

6. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Marshals Service, its agent or designee shall maintain or take possession of the Specific Property and hold such property in its secure custody and control.

7. Pursuant to 21 U.S.C. § 853(n)(1) and Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, the United States shall publish notice of

this Order for at least 30 consecutive days on the government internet site www.forfeiture.gov. The United States shall also send notice of this Order to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

8. Pursuant to Fed R. Crim. P. 32.2(b)(6) and 21 U.S.C. § 853(n)(2) and (n)(3), the notice of forfeiture must describe the forfeited property with reasonable particularity, state the times by which a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition. The notice shall also state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought.

9. Any person, other than the defendant, claiming interest in the Specific Property must file a petition within 60 days from the first day of publication of notice on the government internet site, or no later than 35 days from the mailing of direct notice, whichever is earlier, pursuant to Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure and Rule G(4) and G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

10. Upon adjudication of all third party interests, the Court will enter a final order of forfeiture pursuant to 21 U.S.C. § 853(n)(7) and Fed. R. Crim. P. 32.2(c)(2), in which all interests will be addressed. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(3) and any other applicable provision of federal or state law, upon entry of this Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of property to satisfy the Money Judgment or in connection with any petitions filed with regard to the Specific Property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

11. The Clerk of the Court is directed to enter a money judgment against the defendant in favor of the United States in the amount of $13,000,000.

12. This Court shall retain jurisdiction to enforce this Order and to amend it as necessary.

ORDERED this 25th day of march, 2019.

_____
Hon. Jose L. Linares
United States District Judge

The undersigned hereby consent to
the entry and form of this Order:

CRAIG CARPENTIO
United States Attorney

_____                                Dated:
By: NICHOLAS P. GRIPPO
Assistant United States Attorney

-7-

_____  Dated: 3-25-19
JOHN D. ARSENAULT, ESQ.
Attorney for Defendant

_____  Dated: 3/25/19
SAMUEL DELPRESTO,
Defendant

-8-